

Littler Mendelson, P.C.
900 Third Avenue
New York, NY 10022.3298

March 15, 2013

A. Michael Weber
212.583.2660 direct
212.583.9600 main
212.832.2719 fax
mweber@littler.com

**VIA ECF**

The Honorable Allyne R. Ross
United States District Judge
United States District Court
    for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Cohen, et al. v. World Financial Group, Inc.*
      **Case No. 13-cv-00276 (ARR) (SMG)**

Dear Judge Ross:

Defendant World Financial Group, Inc. ("WFG" or the "Company") wishes to file a motion, pursuant to 28 U.S.C. § 1404(a), requesting that the Court transfer this action to the Northern District of Georgia. In accordance with Section III (A) of Your Honor's Individual Motion Practices, WFG hereby requests a Pre-motion Conference.

## I.   THE COMPLAINT

Named Plaintiff Michael B. Cohen ("Plaintiff") claims that WFG failed to pay minimum wage and overtime to himself and a group of individuals (erroneously identified by Plaintiff as "financial product marketers," "financial product marketer associates," and "cold callers") in violation of the federal Fair Labor Standards Act and New York state law. Plaintiff seeks to represent a nationwide collective and/or class of these individuals.

WFG offers a business platform to individuals throughout the United States who seek to run their own, independent insurance and/or financial services business. WFG refers to these individuals as "Associates" but does not employ them. Rather, these individuals are expressly independent contractors. WFG's principal place of business is located in Johns Creek, Georgia. WFG's corporate executives, including those with knowledge of the nature of the relationship between WFG and Plaintiff (and the individuals he seeks to represent), are located in the Northern District of Georgia and do not regularly travel to the Eastern District of New York. Most significant for the purposes of this request, Plaintiff expressly consented to jurisdiction and venue within the Northern District of Georgia.

Plaintiff's independent contractor relationship with WFG began in June 2009 and ended in May 2010. Plaintiff alleges that he now resides in New York, although he does not

The Honorable Allyne R. Ross
March 15, 2013
Page 2

indicate where. At the start of his association with WFG, Plaintiff (like other WFG "Associates") signed an "Associate Membership Agreement" ("AMA") governing the terms of his association with WFG. In the AMA, Plaintiff: (i) acknowledged that significant aspects of performance of the AMA would occur in the State of Georgia; (ii) agreed that the AMA would be governed and construed under the laws of Georgia; (iii) waived conflict of law rules and agreed that the substantive law of Georgia would govern; (iv) agreed that the state and federal courts of Georgia would have exclusive jurisdiction over any litigation between the parties; and (v) expressly consented and submitted to the jurisdiction and venue of the federal and state courts sitting in counties located in the Northern District of Georgia, with respect to any such litigation, regardless of where Plaintiff engaged in business activities related to his association with WFG.

## II.  THE ACTION SHOULD BE TRANSFERRED

28 U.S.C. § 1404(a) provides the Court with discretion to transfer an action to another district where it might have been brought for the "convenience of the parties and witnesses, in the interest of justice." The purpose of § 1404(a) is to prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964); *Lauer v. Saybolt LP*, 2010 U.S. Dist. LEXIS 48147 (E.D.N.Y. May 17, 2010). Here, transfer to the Northern District of Georgia is appropriate because (1) Plaintiff not only *could* have filed this action there but, in fact, expressly agreed to file his action there, and (2) the interests of justice would be best served by transferring the action to that venue.

Because WFG's principal place of business is located within the Northern District of Georgia, and because both WFG and Plaintiff expressly consented to jurisdiction and venue within that District, Plaintiff could have filed the pending action in that venue. Further, a balance of relevant factors, such as convenience of the parties and witnesses, demonstrates that he should have done so.

As an initial matter, as noted above, Plaintiff expressly agreed in his AMA that "the state and federal courts of Georgia shall have exclusive jurisdiction of any litigation between the parties and the Associate expressly submits to the jurisdiction and venue of the federal and state courts sitting in Gwinnett County and Cobb County, Georgia with respect to any such litigation." Plaintiff did so even though "the business activities of the Associate may occur anywhere authorized . . . ." This alone provides an independent basis for transfer.

Further, the interests of justice will be served by the requested transfer. First, WFG believes that each of the WFG corporate employees who might be called upon to testify on the issues germane to this action reside within the Northern District of Georgia. It would cause great cost and inconvenience to the Company to send those individuals repeatedly to Brooklyn, New York for purposes of this action. Second, WFG believes that documents and evidence potentially relevant to Plaintiff's claims are located at WFG's headquarters in John's

The Honorable Allyne R. Ross
March 15, 2013
Page 3

Creek, Georgia. Third, because members of the putative collective and/or class Plaintiff seeks to represent are located in States throughout the U.S., the vast majority of them would have to travel for purposes of this action whether the action is venued in New York or Georgia, so they will suffer no harm if the matter is transferred. Thus, the transfer will place minimal, if any, additional burden on Plaintiff, while at the same time making the forum substantially more convenient for Defendants and the majority of witnesses and opt-ins. Under such circumstances, transfer is appropriate. *See, e.g., Farrior v. George Weston Bakeries Dist., Inc.*, 2009 U.S. Dist. LEXIS 2636, at *22-24 (E.D.N.Y. Jan. 15, 2009). Indeed, this Court has ordered a transfer of venue from the Eastern District of New York to the Northern District of Georgia in very similar circumstances in the FLSA collective action *Rindfleisch, et al. v. Gentiva Health Sys., Inc.*, 752 F. Supp. 2d 246 (E.D.N.Y. 2010).

Although a plaintiff's choice of forum is generally given deference, that choice is a less significant consideration in a class action. *See, e.g., Lauer v. Saybolt LP*, 2010 U.S. Dist. LEXIS 48147 (E.D.N.Y. May 17, 2010); *Coen v. Hoffmann-La Roche*, 2007 U.S. Dist. LEXIS 23132, at *10 (S.D.N.Y. Mar. 21, 2007). The plaintiff's choice is also afforded less deference where the plaintiff does not reside in the selected forum. *Amick v. Am. Express Travel Related Servs. Co.*, 2010 U.S. Dist. LEXIS 6483 (S.D.N.Y. Jan. 26, 2010). Here, upon information and belief, Plaintiff did not reside within the Eastern District of New York during the period of his association with WFG. This, coupled with the fact that Plaintiff expressly agreed to both jurisdiction and venue in the Northern District of Georgia, requires that his choice of the Eastern District of New York as a forum is not entitled to deference (and, indeed, contravenes his contractual obligations to WFG).

Accordingly, WFG seeks a Pre-motion Conference so that it may have an opportunity to fully brief and be heard on this issue.

Respectfully submitted,

/s

A. Michael Weber

cc:     Lloyd R. Ambinder, Esq. (via ECF)